WIDENER, Circuit Judge,
concurring:
I concur in the result. I write separately, however, because I am of opinion that the district court correctly determined that it lacked subject matter jurisdiction under the Rooker-Feldman doctrine.
Exxon Mobil reaffirmed that the doctrine
is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.
Exxon Mobil Corp., 544 U.S. at 284, 125 S.Ct. 1517.
That is precisely the case we have here. The plaintiffs are inviting district court review of their individual state court judgments when they ask the federal court to declare the Act unconstitutional. These plaintiffs are “state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced.” Exxon Mobil Corp., 544 U.S. at 284, 125 S.Ct. 1517. Declaring the Act unconstitutional would certainly upset those judgments for payments ordered by the state court decisions would cease. Such an outcome in federal court likens this case to “the kind from which the doctrine acquired its name.” Exxon Mobil Corp., 544 U.S. at 284, 125 S.Ct. 1517.
Thus, I would affirm the judgment of the district court but on its reasoning: that the Rooker-Feldman doctrine divested it of subject matter jurisdiction.